IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| ANDREA LAVERNE GIVHAN, ) | Case No. 06-40389-drd |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER ON MOTION TO RECONSIDER**

This case was commenced by the filing of a Voluntary Petition under Chapter 13 of Bankruptcy Code on February 24, 2006. The petition was accompanied by neither a certificate of credit counseling, as required by § 109(h)(1), or a certification of exigent circumstances warranting a deferment of the credit counseling requirements, as provided by § 109(h)(3). See Rule 1007(b)(3) and (c). Accordingly, on February 26, 2006, an order was entered dismissing the case because the debtor was not eligible to be a debtor under any chapter of the Bankruptcy Code.

On March 10, 2006, debtor filed a Motion to Reinstate Case requesting that the Court vacate its order of dismissal and reinstate the case on the ground that debtor had receive the required credit counseling. On that same date, the debtor filed a certificate of credit counseling indicating that credit counseling had been obtained by debtor on March 10, 2006, two weeks after the date of filing. On March 13, 2006, this Court entered its order denying the motion to reinstate for the reason that the credit counseling required by § 109(h) may not be obtained postpetition absent a certification of exigent circumstances meeting the requirements of § 109(h)(3). The debtor had failed to file such a certification. The Court further ordered that to the extent the motion to reinstate was itself intended to be such a certification, it was denied because it did not meet the requirements that this Court had set forth in *In re Talib*, 335 B.R. 417, 421 (Bankr. W.D. Mo. 2005) in that it was not signed by the debtor and did not demonstrate that the debtor had attempted to obtain credit

counseling prior to the filing of the petition, but was unable to obtain it within the five days subsequent to the date of her request, as required by § 109(h)(3)(A)(ii).

On March 15, 2006, debtor filed a motion to reconsider the order dismissing the case. Attached to that motion was a certification of exigent circumstances seeking a deferment of the prepetition credit counseling requirement. In that certification, signed by the debtor, debtor alleges that a foreclosure sale of her residence was scheduled to occur on Friday, February 24, 2006 at 2:00 p.m. She first sought legal counsel at 11:00 a.m. on that same date. She contacted GreenPath Debt Solutions to obtain credit counseling and told that it was "too late" to obtain the counseling prior to the scheduled foreclosure sale. She further contends that she did not know bankruptcy "was an option" for her until February 23, 2006.

The Court does not believe the certification satisfies the requirements of § 109(h)(3) and will accordingly deny the motion for reconsideration. First, the certification does not meet the requirements of § 109(h)(3)(A)(ii) in that it fails to allege that the debtor requested credit counseling services prior to the filing of the petition but was unable to receive them during the five-day period subsequent to the date of her request. Debtor's certification only alleges that she was unable to obtain those services within the three hours between the time of her inquiry and the scheduled time for the foreclosure sale. *In re Talib*, 335 B.R. 424, 427 (Bankr. W.D. Mo. 2005) ("Congress chose not to link the availability of credit counseling to the event which might require the debtor to file, but rather to the date of the debtor's request for credit counseling."). Second, the certification also fails to establish exigent circumstances that merit a waiver of the requirement. Although the debtor's home was scheduled for an immediate foreclosure sale which might constitute an exigent circumstance, debtor failed to demonstrate why under the circumstances of her case, a deferment

of the credit counseling requirement is warranted. Debtor fails to address why she was unable to request and obtain credit counseling services well in advance of the scheduled date of the foreclosure sale. *See Talib*, 335 B.R. at 421 ("the certification requesting a waiver in such a situation must not only address the imminence of the event which requires the debtor to file by a particular time, but also provide an explanation as to why the required credit counseling services were not or could not have been obtained prior to the filing."). The Court does not find debtor's conclusory assertion that she did not know until February 23, 2006 that bankruptcy relief was available to her to constitute a satisfactory explanation. It is not clear whether the debtor is alleging that she was unaware of the existence of bankruptcy as a form of relief or whether she was uncertain as to whether she qualified. The former assertion lacks credibility. As to the latter, the debtor offers no explanation for not having consulted counsel at an earlier stage to answer her questions about her eligibility for bankruptcy relief and its potential benefits.

For all the reasons cited above, the Court denies the debtor's motion to reconsider.

DATED:      March 23, 2006            /s/ Dennis R. Dow
                                      HONORABLE DENNIS R. DOW
                                      UNITED STATES BANKRUPTCY JUDGE

Copy to:

Carl W. Bussey